# STITES & HARBISON PLLC
### ATTORNEYS

6410 Poplar Avenue
Suite 180
Memphis, TN 38119

September 15, 2023

Andrew Battle Sanders
(901) 866-8977 DIRECT
(901) 356-0550 CELL
(901) 805-2226 FAX
asanders@stites.com

**VIA ECF**

The Honorable Sheryl H. Lipman, Chief U.S.D.J.
U.S. District Court for the Western District of Tennessee
Odell Horton Federal Building
167 North Main Street
Memphis, Tennessee 38103

> Re:   **Request for Entry of Consent Order Resolving Pending Subpoena Motion Practice**
>
> **Memphis Basketball, LLC v. Seton Hall University, et al.**
> **Docket No. 2:23-mc-00028**

Dear Judge Lipman:

This firm represents Respondents, Seton Hall University, Kevin Willard, Tony Testa, and Deja Craig (collectively "Seton Hall Respondents") in this matter. The purpose of this correspondence is to request the Court to enter the fully executed consent order attached as **Exhibit D** and order Petitioner to remove the watermark from its subpoena production previously provided, to fully resolve the pending Petition to Quash Subpoena [ECF No. 1] and Cross-Petition to Transfer or Alternatively Compel Production [ECF Nos. 9, 11, 12, 14].

### Relevant Facts

Following Seton Hall Respondents' filing of their Cross-Petition, Petitioner reached out to Seton Hall Respondents seeking to reach agreement on a resolution which would dispose of the pending subpoena motion practice. The proposed resolution was for Petitioner to present to Seton Hall Respondents a proposed document production which was responsive to a more narrowed down version of the Subpoena than originally drafted, to reflect the parties' meet and confer efforts. The proposed production as represented, in Petitioner's eyes, did not contain any trade secret information yet, in Seton Hall Respondent's eyes, contained information highly relevant to Seton Hall Respondent's pending action. If Seton Hall Respondents agreed that the proposed production was adequate, the parties would resolve the pending motion practice. If not, Seton Hall Respondents would not be entitled to utilize the production and the parties would wait for the Court to render its decision on the pending motions.

On September 5, 2023, Petitioner provided its proposed subpoena production to Seton Hall Respondents, reflecting the parties' discussion that the production was for settlement purposes only, and the production contains a watermark of "RULE 408 COMMUNICATION."  This

1595794:1

Page 2

reflected the parties' agreement that Seton Hall Respondents would not be entitled to utilize the production if it did not agree that the production was not responsive to the Subpoena as narrowed down by the parties' meet and confer efforts.  Also reflecting the pending discussions, on September 6, 2023, Petitioner requested additional time to file its reply papers to permit the parties time to fully explore these settlement negotiations [ECF No. 17], a request the Court granted [ECF No. 18].

Subsequently, on September 12, 2023, a full week after Seton Hall Respondents had reviewed Petitioner's proposed subpoena production, Seton Hall Respondents made clear to Petitioner that its proposed production was acceptable and that the parties could withdraw the pending motion practice.  Accordingly, on September 12, 2023, Petitioner emailed Seton Hall Respondents with a proposed form of Consent Order which reflected the parties' prior discussions and agreement.  A true and correct copy of this email is attached as **Exhibit A**.  For the Court's ease of reference, the proposed form of Consent Order that Petitioner attached is separately attached as **Exhibit B**.

Significantly, the proposed form of Consent Order that Petitioner provided to Seton Hall Respondents **was not** sent under Rule 408 for settlement purposes only.  This was because the only aspect of the parties' discussions sent under Rule 408 was the proposed subpoena production itself, and Seton Hall Respondents subsequently confirmed that it accepted the proposed production (thus accepting the settlement).  Even more significantly, the proposed form of Consent Order **was electronically signed** by Petitioner's counsel. *See* Exhibit B.  Moreover, the proposed consent order was titled: "NASHVILLE-#1595287-v1-Consent_Order_Dismissal_**approved**.DOC." (emphasis added). *See* Exhibit A (very bottom of the email text).  Thus, Petitioner explicitly approved and electronically signed his proposed Consent Order.

Subsequently, on September 15, 2023, Seton Hall Respondents informed Petitioner that it approved of the draft Consent Order that Petitioner had previously electronically signed and titled "approved."  Seton Hall Respondents did so in an email which included a fully executed copy of the now-final Consent Order.  This was because the Consent Order as approved by Petitioner adequately reflected the parties' discussions and agreement. A true and correct copy of this email is attached as **Exhibit C** and fully executed Consent Order is **Exhibit D**.

Shockingly, on September 15, after receiving the fully executed order, Petitioner attempted to renege on its prior approved order.  Instead, Petitioner sent a new Consent Order, in the form of a PDF redline reflecting Petitioner's changes to the fully-executed order that Petitioner had drafted and approved, and Seton Hall Respondents had already accepted wholesale and signed.  A true and correct copy of this redlined consent order is attached as **Exhibit E**.

The redlined after-the-fact consent order sent by Petitioner contains an item that the parties had never discussed, and in fact, Seton Hall Respondents could never agree on.  Specifically, the document claims that the parties had agreed that Petitioner needed to "protect the highly confidential and trade secret aspects of Memphis Basketball's player evaluation process," and so

Page 3

those documents were not produced (meaning the documents produced did not contain trade secrets). Seton Hall Respondents never agreed that Petitioner possessed **any** trade secrets responsive to the narrowed-down Subpoena and in fact Petitioner never allowed Seton Hall Respondents to view these documents. Because Seton Hall Respondents were never permitted to view these documents, we could never agree that the documents contained proprietary trade secrets. This was simply a position that Petitioner chose to take, one that Seton Hall Respondents consistently opposed, and Seton Hall Respondents ultimately chose not to litigate the position before the Court because it was satisfied with the sufficiency of documents provided in Petitioner's proposed production.

Additionally, Petitioner's production was designated by Petitioner as Attorneys' Eyes Only. This is Petitioner's right under the terms of the governing Confidentiality Order, attached as **Exhibit F**. But this Confidentiality Order also governs the right of other parties (such as the Plaintiffs in the New Jersey lawsuit) to object to such a designation, after review of the documents. Seton Hall Respondents accordingly never agreed that the production must be designated as Attorneys' Eyes Only, and could not make this agreement on behalf of Plaintiffs. What the parties agreed on was: (1) that Petitioner's production was fully responsive to Seton Hall Respondents' narrowed down Subpoena, and (2) a Consent Order memorializing the parties' settlement agreement. Thus, the pending motion practice is moot.

No documents have been filed in New Jersey Court in connection with the Subpoena or pending motions. There is no need for any future order in the New Jersey litigation pertaining to the Subpoena since the relevant motions are only pending before this Court in Tennessee.

Despite further communications between the parties, Petitioner has refused to authorize Seton Hall Respondents to submit the fully executed Consent Order to the Court nor will it remove the "Rule 408" watermarks contained on its proposed production, placed before Seton Hall Respondents agreed to the sufficiency of this production.

For the above reasons, Seton Hall Respondents request that the Court enter the fully executed Consent Order attached as Exhibit D and also order Petitioner to remove the watermark from its subpoena production previously provided, to dispose of the pending Subpoena motion practice.

Thank you for your courtesies and consideration of this request.

Page 4

Very truly yours,

STITES & HARBISON PLLC

Andrew B. Sanders
Member

ABS:dsa
Attachments

1595794:1